### Simon Lukasik, Appellee, v. International Harvester Company et al., on appeal of International Harvester Company, Appellant.

### Gen. No. 20,692. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

### Statement of the Case.

Action on the case by Simon Lukasik against International Harvester Company and others for alleged negligence whereby plaintiff, who was in defendant's employ, sustained a personal injury.

The declaration, in a single count, averred that the defendant was engaged in the manufacture of harves-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ters; that plaintiff was in its service; that defendant negligently failed to provide a sufficient number of competent servants to assist the plaintiff in rolling and placing a certain wheel, and negligently ordered the plaintiff and one other servant to take the wheel, which was large and heavy, and roll. it from the workshop and place it up against other wheels in defendant's yard, all of which dangerous and unsafe condition was known to the defendant, or by the exercise of reasonable care could have been known to it, and was not known to the plaintiff, nor by the exercise of reasonable care could he have known it; that in consequence, when the foreman of defendant ordered plaintiff to take the wheel from the shop and place it against other wheels in the yard, and when plaintiff and one other servant of the defendant took the wheel and rolled it out of the workshop and up to where such other wheels were stacked and attempted to let the wheel down to rest against the other wheels, owing to the great weight of the wheel they were unable to hold the wheel and it fell, slipped and glided upon the plaintiff's foot and leg, and the narrowness of the place hindered and prevented the plaintiff from getting out of the way of the falling wheel, whereby plaintiff was injured.

From the evidence it appeared that the wheel plaintiff and the other man were ordered to take from the shop was a fly wheel that had been rejected, and weighed about 1,000 pounds. Rejected gear wheels of about the same weight had been taken from the shop to the platform by plaintiff and another man. The difference between the two kinds of wheels was that the gear wheels had teeth or cogs in the surface of the rim, while fly wheels were smooth. In both kinds of wheels a hub projected from the wheel two or three inches. There was an abundance of wall space in the yards, but five or six wheels were placed one in front

of another just outside the door of the shop. The first wheel was so placed as to lean against the wall and the second so as to lean against the first, and so on to the sixth. Because of the projecting hubs it was necessary to place the rim of a wheel some little distance from the wheel against which it was to lean, and necessarily the angle of inclination increased with each wheel so placed. It was not alleged in the declaration that the wheels were negligently or improperly placed, but only that owing to the great weight of the wheel which plaintiff and the other man were attempting to put in place they were unable to hold the wheel and it fell on plaintiff's foot and injured him. Plaintiff contended that defendant was guilty of negligence in not furnishing one or more additional men to assist in placing the wheel.

From a judgment for plaintiff for five hundred dollars, defendant International Harvester Company appeals.

DAVID A. OREBAUGH, for appellant; EDGAR A. BANCROFT, of counsel. ·

S. P. DOUTHART and GUERIN & BARRETT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 347*—*when servant assumes risk of known danger.* In an action by a servant for injuries alleged to have been caused by the master's failure to furnish sufficient assistance to the servant to aid him in his work of moving a fly wheel whereby the wheel fell and inflicted the injury complained of, where the evidence shows that plaintiff had previously moved similar wheels, that he knew the character and weight of such wheels and the strength and efficiency of the employee who was assisting him, he will be *held* to have assumed the risk of the injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MASTER AND SERVANT, § 537*—*when failure to inspect cannot be urged when not alleged in declaration.* In an action by a servant against a master to recover for personal injuries, where the declaration does not allege any failure of the master to inspect, plaintiff cannot contend that defendant was negligent in that regard.